FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 10:19 am, Feb 01, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Savannah Division

| | |
|---|---|
| IN RE: ) | Chapter 7 Case |
| ) | Number 12-41944 |
| JAMES ALLEN ZOW, SR. ) | |
| ) | |
| Debtor ) | |
| ) | |

### REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT ON APPLICATION TO PROCEED IN FORMA PAUPERIS[1]

Before the Court is an Emergency Motion for Permission to Appeal in forma pauperis and Affidavit ("IFP application") filed by James Allen Zow, Sr. ("Debtor").[2]

---

[1] "Pursuant to 28 U.S.C. §151 the bankruptcy court, as a 'unit of the district court,' must submit proposed findings of fact and conclusions of law on the in forma pauperis issue to the district court for de novo review and entry of a final order." Wilcox v. Massey, 2007 WL 1732571 *1 (Bankr. S.D. Ga. June 14, 2007).

[2] Debtor's pro se motion is procedurally confusing. The motion was filed based upon an oral ruling issued January 18, 2013 and was filed the same day that this Court's written opinion was entered on January 24, 2013. To date, no formal notice of appeal has been filed. Also, Debtor's motion to proceed in forma pauperis enumerates four grounds for appeal: (1) whether the Court had an ethical duty to disclose a purported contractual relationship with MERS; (2) whether the Court committed reversible error in denying Debtor's Motion for Disqualification; (3) whether the Court committed reversible error in denying Debtor's Motion to Dismiss Shapiro & Swertfeger, LLP ("S&S") as an alleged creditor; and (4) whether the Court committed reversible error in denying Debtor's Objection to S&S's Notice of Appearance as an "LLP." Items 3 and 4 are based upon the Court's oral rulings that S&S had standing to participate in the hearings as a creditor with a claim and upon the denial of Debtor's Objection to the Notice of Appearance. The

AO 72A
(Rev. 8/82)

Debtor's motion seeks to proceed in forma pauperis under 28 U.S.C. §1915 in his appeal of my order denying his motion seeking my disqualification. After review of Debtor's application and appropriate authority, I recommend that the United States District Court for the Southern District of Georgia deny the motion to proceed in forma pauperis.

Debtor's request is brought pursuant to 28 U.S.C. §1915 which states:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. §1915(a).[3] In order for Debtor to proceed in forma

---

matters S&S argued at the hearing have been continued until February 8, 2013. To date, no written order has been issued on items 3 and 4, because additional evidence on standing will be taken at the February 8, 2013 hearing. Nevertheless, S&S shall be allowed to appear and tender arguments and evidence on its standing.

[3] Courts have noted that the language of 28 U.S.C. §1915(a) is ambiguous as it purports to apply to any "person," but only if that person "submits an affidavit that includes a statement of all assets *such prisoner* possesses" and the courts have concluded the "such

2

pauperis he must demonstrate "sufficient financial need and that the proposed proceedings are, in fact, taken in good faith and are not frivolous or malicious." In re Burrell, 150 B.R. 369, 373 (Bankr. E.D. Va. 1992). "Almost all bankruptcy debtors are unable to pay their pre-petition debts; if they were able to pay their debts, they would not have requested bankruptcy relief. However, every person who declares bankruptcy is not, by definition, in poverty." In re Anderson, 130 B.R. 497, 500 (Bankr. W.D. Mich. 1991).

After review of Debtor's bankruptcy schedules and his in forma pauperis affidavit, I recommend the application be denied for the following reasons:

1) Debtor owns real property but has not provided his best estimate as to the value of the real property. This is currently left blank on the IFP application and as unknown on his bankruptcy schedules. Debtor's schedule D reflects no secured creditors. See In re

---

prisoner" language is a typographical error and §1915(a) applies to all in forma pauperis litigants. See Mitchell v. Farcass, 112 F.3d 1483, 1491 n. 1 (11th Cir. 1997)(concurrence) citing Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)("Despite the use of the term 'prisoner possesses,' we conclude that a typographical error in the final version of the statute occurred and that Congress actually intended the phrase to be 'person possesses.'"); see also, Buchinger v. Cnty. of Spokane, 2009 WL 537511 *1 n. 1 (E.D. Wash. Feb. 27, 2009)("[A]lthough §§1915 and 1915A reference "prisoners," they are not limited to prisoner suits. . . . Therefore, a court has an obligation to review a complaint filed by any person proceeding in forma pauperis.").

3

Anderson, 130 B.R. at 500 (a court may take judicial notice of the bankruptcy schedules). As a result, the Court is unable to determine if there is equity available to pay the fee;

2) Debtor was able to pay the Chapter 7 filing fee of $306.00 in the current case;

3) According to Debtor's Statement of Financial Affairs, Debtor transferred a 2002 Mercedes to his own company within nine months preceding the filing of the petition;

4) Debtor has an unencumbered Toyota Sienna valued in the bankruptcy schedules and the current IFP application at $1,000.00. See In re Robinson, 2006 WL 3498296 *3 (Bankr. S.D. Ga. July 19, 2006)(a court may look to the existence and value of exempt property when determining whether to grant in forma pauperis applications in bankruptcy). This is sufficient equity to pay the cost of the appeal; and

5) Debtor is highly educated. He has 19 years of education and he has not shown he is physically unable to work or earn income in other ways. See Hobby v. Beneficial Mortg. Co. of Va., 2005 WL 5409003 *7 (E.D. Va. June 3, 2005)(debtor denied in forma pauperis status where although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); In re Fromal, 151 B.R. 733, 735 (E.D. Va.

1993)(denying in forma pauperis application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment).

For the foregoing reasons, I recommend that the United States District Court for the Southern District of Georgia deny Debtor's application to proceed in forma pauperis.

*[signature: Susan D. Barrett]*
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 1st Day of February 2013.

AO 72A
(Rev. 8/82)